UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| EBONIE BURNSIDE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   3:25-cv-03319-SEM-DJQ |
| | ) |
| MELINDA EDDY, *et al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER

**Sue E. Myerscough, United States District Judge:**

Plaintiffs proceed pro se under 42 U.S.C. § 1983, presently incarcerated at Logan Correctional Center.

I.  MERIT REVIEW

The case is before the Court for a merit review of Plaintiffs' amended complaint. The Court must "screen" Plaintiffs' complaint, and through such process identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiffs name as Defendants IDOC Women's Division Chief Melinda Eddy, Warden Long, Lieutenant Worth, External Affairs Officer Justin Russell, Correctional Internal Affairs Officer Williams, and Correctional Sergeant Bloomstien.

1. October 2023 Allegations

On October 9, 2023, Worth, Williams, and Bloomstien strip searched Plaintiff in an unconstitutional manner in that 1) the search was in open view of a large unobstructed window, 2) Williams (a male) repeatedly looked in during the searches, 3) demeaning statements were made to and about Plaintiffs during the searches, 4) the searches were effected in an unhygienic way, and 5) was no penological purpose for the searches.

"There is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners, but not every

psychological discomfort a prisoner endures amounts to a constitutional violation." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). "[O]nly those searches that are maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). Even where searches are justified by a valid penological reason, "the manner in which the searches were conducted must itself pass constitutional muster." *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009). Therefore, a search of a prisoner may violate the Eighth Amendment if it is "conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun*, 319 F.3d at 939.

Plaintiffs state a plausible Eighth Amendment claim for an unconstitutional search against Worth, Williams, and Bloomstien for the searches of Plaintiffs on October 9, 2023.

Plaintiffs do not state a claim against Defendants IDOC Women's Division Chief Melinda Eddy, Warden Long, and External Affairs Officer Justin Russell, as they do not allege their personal involvement in the alleged unconstitutional search. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be

liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights."); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in [constitutional] violations are responsible."). Plaintiffs do not state a claim against the Illinois Department of Corrections and do not state a claim for injunctive relief. The allegations are that the individual Defendants conducted this search in violation of protocol and in violation of Plaintiffs' constitutional rights.

2. September 2025 Allegations

Plaintiffs also allege that on September 19, 2025, Defendant Worth subjected Plaintiff Cook to retaliatory behavior including a cell search and loss of personal property.

These allegations will not proceed as part of this lawsuit for several reasons. First, they are too conclusory and non-specific to state a claim for relief as pleaded. Second, Plaintiffs indicate that the administrative grievance process was still ongoing at the time the amended complaint was filed, so not yet been completed as to this allegation as required by the Prison Litigation Reform Act. Third, the Court would sever this claim from the October 9, 2023,

allegations in any case, in an exercise of its discretion. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). These allegations occurred years later and even if tangentially related to the October 2023 allegations would be adjudicated in an independent suit. If Plaintiff Cook desires to pursue this claim further, Cook may file an independent action to do so, and any such suit would require a separate filing fee and would proceed to an independent merit review.

    II.    MOTION TO PROCEED AS A CLASS ACTION

Plaintiffs have filed an unsigned Motion to Certify Class. Doc. 29. The Clerk is to strike it. Fed. R. Civ. P. 11.

Plaintiffs also ask to proceed as a class in the amended complaint. Plaintiffs seek to represent a class of women currently held at Logan Correctional center and future women held at Logan. That request is denied as well.

First, as pro se litigants, Plaintiffs are not adequate class representatives. They cannot represent other individuals as they are not attorneys and cannot practice law. *See Howard v. Pollard*, 814

F.3d 476, 478 (7th Cir. 2015) (no abuse of discretion in denying class action status to pro se plaintiffs). The allegations are insufficient to plausibly indicate a facility-wide practice of unconstitutional searches. And there is no legal prejudice to Plaintiffs as their individual claims based on the search will proceed as stated above. *Id.*

IT IS THEREFORE ORDERED:

1. **Clerk is to STRIKE Motion to Certify Class [29].**

2. **Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiffs state a plausible Eighth Amendment claim for an unconstitutional search against Worth, Williams, and Bloomstien for the searches of Plaintiffs on October 9, 2023. Any additional claims and defendants shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Clerk to correct Bloomstien's name on case caption.**

3. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

4. **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to**

the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and later pleadings shall be to the issues stated in this order. Generally, an answer sets out the defendants' positions. The court does not rule on the merits of those positions unless a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery

requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

9. The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 29th day of December, 2025.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE